IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Christopher Valentine,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Fluor Daniel Maintenance Services, Inc.,<br><br>　　　　　　　　Defendant. | C/A No. 3:17-cv-03084-JFA-JDA<br><br>**ORDER** |

## I. INTRODUCTION

Christopher Valentine, ("Plaintiff"), brings this action against Fluor Daniel Maintenance Services, Inc. ("Defendant"). This case arises out of Plaintiff's termination from his job on April 19, 2016. Plaintiff asserts claims pursuant to S.C. Code Ann. § 41-1-80 for retaliation for filing a workers' compensation claim and pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 for race discrimination. On November 12, 2018, Defendant filed a Motion for Summary Judgment. (ECF No. 26). On December 11, 2018, Plaintiff, through counsel, responded. (ECF No. 32). On December 18, 2018, Defendant replied to Plaintiff's response. (ECF No. 34). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should (1) grant summary judgment as to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

Plaintiff's race discrimination claim because Plaintiff conceded that discovery did not produce sufficient evidence, and (2) that summary judgment should also be granted as to Plaintiff's worker's compensation retaliation claim. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff was advised of his right to object to the Report, which was entered on the docket on January 25, 2019. (ECF No. 35). Plaintiff, through counsel, filed objections to the Report ("Objections") on February 4, 2019. (ECF No. 37). On February 8, 2019, Defendant filed a Reply to Plaintiff's Objections. (ECF No. 39). Thus, this matter is ripe for review.

## II. LEGAL STANDARD

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact

---

determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). In deciding a motion for summary judgment, the facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48.

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

After detailed consideration of the Report, the parties' briefs, and the Objections, the Court modifies the Report (ECF No. 35) in part as set forth below. Additionally, the Court adopts those portions of the Report (ECF No. 35) which are not inconsistent with this Order.

#### A. Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim for race discrimination under Title VII and 42 U.S.C. § 1981.

The Magistrate Judge correctly opines that Defendant's Motion for Summary Judgment should be granted as to Plaintiff's claim for race discrimination under Title VII and 42 U.S.C. § 1981 because Plaintiff concedes that "discovery did not produce sufficient evidence that the decision to terminate Plaintiff was because of his race." (ECF No. 32 p. 1). Additionally, Plaintiff does not object to this portion of the Report, and in the absence of specific objections, this Court is not required to give an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199.

#### B. The Court remands this case back to state court for disposition of the remaining state law cause of action.

Plaintiff filed this case in the Court of Common Pleas for Lexington County, South Carolina, Civil Action Number 2016-CP-32-03581 and filed an Amended Complaint in that court. On November 14, 2017, Defendant removed the case to this Court under federal question jurisdiction. (ECF No. 1).

As summary judgment is granted as to Plaintiff's federal claim for race discrimination, the only remaining claim in this case is Plaintiff's state law claim under South Carolina Code Annotated §41-1-80 for retaliation for filing a workers' compensation claim. Therefore, this Court has the discretion to remand the case. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("Recent case law has emphasized that trial courts enjoy wide latitude in determining whether or

not to retain jurisdiction over state claims when all federal claims have been extinguished."). *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

In its discretion, this Court declines to exercise supplemental jurisdiction over the remaining state law cause of action raised by Plaintiff. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Remand of this remaining state law cause of action will allow the more appropriate court to rule on this exclusively state law issue.

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court **adopts in part** the Magistrate Judge's Report and Recommendation (ECF No. 35). Defendant's Motion for Summary Judgment (ECF No. 26) is **granted in part** as to Plaintiff's claim for race discrimination under Title VII and 42 U.S.C. § 1981. The remaining claim (for retaliation) is **remanded back** to **state court** for disposition of the remaining state law cause of action.

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

July 22, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge